IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HARRY LEE DONALDSON,
    Plaintiff,

vs.                                                     5:07cv261/SPM/MD

JACKSON COUNTY SHERIFF'S
DEPARTMENT, et al.
    Defendants.

---

## REPORT AND RECOMMENDATION

This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1). Leave to proceed *in forma pauperis* was granted and the initial partial filing fee has been paid (doc. 5 & 7).

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).

Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 131 Fed. Appx. 682, 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff.  *See Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if plaintiff has not stated enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1973 n.14, 1974 (2007). (once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint *11 in note 14) (abrogating *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S., at 45-46, 78 S.Ct. 99.))  Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff, who is proceeding pro se, is currently incarcerated at the Lawtey Correctional Institution after having been convicted of charges relating to trafficking in stolen property.[1]  He names the Jackson County Sheriff's Department as the lone defendant in this action, although it appears that he actually complains of actions by individuals who are not named as defendants in the case.  Plaintiff claims that "racial

---

[1] http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=183544097.

*Case No: 5:07cv261/SPM/MD*

discrimination" by the sheriff's department caused him to lose everything he owned on or about March 15, 2004. (Complaint, ¶ 1). Deputy Walter Davis and other unidentified deputies came to plaintiff's property on that date to conduct an investigation sparked by statements from two "white males" who had been dealing in stolen property. (*Id.*, ¶ 3). Plaintiff states that he was never shown a warrant, and that when he protested about the search, the deputies began to harass him with racial epithets. (*Id.*, ¶¶ 4-5). Plaintiff asserts that although he was arrested and prosecuted, the two "white males" were not. He states that he presented this issue to the state court by way a motion for post conviction relief, apparently to no avail. (*Id.* ¶ 6). The deputies continued to "ransack" plaintiff's home and property, not allowing him to retrieve items from his vehicle before it was towed, or to use the bathroom, all the while using racial epithets against him. (*Id.* ¶ 7-12). He was subjected to more racial slurs at the police station, and deputies repeatedly told him to shut up, that they could do whatever they wanted, and he could do nothing about it. (*Id.* ¶ 14). While plaintiff was incarcerated in the local facility, his daughter tried to retrieve his belongings from his property, but was unable to do so due to harassment by unnamed deputies; she returned to the jail a few days later to tell him his belongings were "all gone." (*Id.* ¶ 15-16). Plaintiff states he was never given an inventory slip and that to this day he has been unable to recover his property. (*Id.* ¶ 17). He attaches a seven page list of items that were allegedly lost as a result of the actions of the Jackson County Sheriff's Department.

Plaintiff claims that his Fourteenth Amendment rights were violated because the sheriff's department had no proof of direct responsibility for a crime and because the sheriff's department discriminated against him because of skin color, that his fourth amendment rights to be free from unreasonable searches and seizures was violated, and that his property was taken without compensation. Plaintiff seeks $750,000 in damages for his mental stress, humiliation, "inhumane treatment," deprivation of his property, and having been subjected to racial discrimination, due process and equal protection violations.

Title 42 U.S.C. § 1997e(e) provides that "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional

injury suffered while in custody without a prior showing of physical injury." It is not clear whether plaintiff was actually "in custody" at the time of the allegedly unconstitutional search and the poor treatment. If he was, he would not be entitled to recover damages for his emotional injuries.

Deprivations of property resulting from random, unauthorized acts of government officials do not become due process violations when there exist adequate remedies under state law for plaintiff to seek redress for the deprivation. *Parratt v. Taylor*, 451 U.S. 527, 543-44, 101 S.Ct 1908, 1912, 68 L. Ed.2d 420 (1984); *Carcamo v. Miami-Dade County,* 375 F.3d 1104 (11th Cir. 2004) (citing *Zinermon v. Burch,* 494 U.S. 113, 132, 110 S.Ct. 975, 987, 108 L.Ed.2d 100 (1990)); *Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986); *Hall v. Sutton*, 755 F.2d 786, 787 (11th Cir.1985).[2] A judicial post-deprivation cause of action may satisfy due process. *Carcamo*, 375 F.3d at 1106. Plaintiff in this case does not allege that the sheriff's department had a "policy or practice" authorizing the individual deputies to act in the way they allegedly did. To succeed on a § 1983 claim against the sheriff's department in the absence of an official policy of inadequate officer training, plaintiff must "prove the existence of a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a "custom or usage" with the force of law.'" *Holmes v. Kucynda,* 361 F.3d 1069, 1078 (11th Cir. 2003) (quoting *St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). Plaintiff has made no such allegations in this case.

Much of plaintiff's claim relates to the way he was treated by deputy sheriffs who are not named as defendants in this complaint. Even if these individuals were named as defendants, offensive racial comments cannot form the basis of a §1983 claim. *See Evans v. City of Zebulon, GA,* 351 F.3d 485, 495-496 (11th Cir. 2003), *vacated by* 364 F.3d 1298 (11th Cir. 2004)*, rehearing en banc granted on other grounds, Evans v. Stephens,* 407 F.3d 1272 (11th Cir. 2005); *Haussman v. Fergus,* 894 F. Supp. 142, 149 (S.D. N.Y. 1995); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2nd Cir.1986); *Wright v. Santoro*, 714 F.Supp. 665,

---

[2] This is equally true whether the deprivation was the result of an intentional or a negligent act. *See Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

666-67 (S.D.N.Y.) ("'discriminatory statements reflecting racial prejudice not actionable under §1983 where not shown to be connected with physical injury.'" (citation omitted)), aff'd, 891 F.2d 278 (2nd Cir.1989); *Kelly v. Rice,* 375 F.Supp.2d 203, 209-210 ("'the use of [vile] language, no matter how abhorrent or reprehensible, cannot form the basis for a §1983 claim.'") (citation omitted).

To establish an equal protection claim, a prisoner must demonstrate that (1) "he is similarly situated with other prisoners who received" more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. *Sweet v. Secretary, Dept. Of Corrections,* 467 F.3d 1311 (11th Cir. 2006) (citing *Jones v. Ray,* 279 F.3d 944, 946-947 (11th Cir. 2001); *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam)).

In regard to constitutional claims of discrimination, the Eleventh Circuit has stated:

> Equal protection claims can be divided into three broad categories. The first and most common type is a claim that a statute discriminates on its face. In such a case, a plaintiff can prevail by showing that there is no rational relationship between the statutory classification and a legitimate state goal. When the statute facially discriminates against certain groups or trenches upon certain fundamental interests, courts have required a closer connection between the statutory classification and the state purpose. The second type of equal protection claim is that neutral application of a facially neutral statute has a disparate impact. In such a case, a plaintiff must prove purposeful discrimination. The third type of claim is that defendants are unequally administering a facially neutral statute. . . . The equal protection standard applicable to a claim of unequal application of facially neutral legislation is materially different than that applicable to a challenge to classifications created on the face of the legislation.

*E & T Realty v. Strickland*, 830 F.2d 1107, 1112 n.5 (11th Cir. 1987), *cert. denied*, 485 U.S. 961, 108 S.Ct. 1225, 99 L.Ed.2d 425 (1988) (citations omitted).

Since plaintiff does not challenge a statute or regulation itself, his claim falls into the third category. In order to prevail on an equal protection claim based upon the application

of a facially neutral statute, it must be established that: (1) the plaintiff was treated differently than similarly situated persons; and (2) the defendant unequally applied the facially neutral statute for the purpose of discriminating against the plaintiff. *Strickland v. Alderman*, 74 F.3d 260, 264 (11th Cir. 1996) (citing *E & T Realty,* 830 F.2d at 1112); *GJR Investment v. Escambia County*, 132 F.3d 1359, 1367 (11th Cir. 1998). Although plaintiff contends that the "two white men" were not prosecuted, he offers no suggestion that this was based on their race, rather than their involvement in the trafficking in stolen property. The court does not find the use of racial epithets against plaintiff by individual sheriff's deputies to be probative of any equal protection violation in the prosecutorial decisions of the Office of the State's Attorney.

Finally, to the extent that plaintiff seeks damages attributable to the fact that he was wrongly incarcerated and/or convicted, *Heck v. Humphrey*, 114 S.Ct. 2364 (1994), would require dismissal of the claim. The Court in *Heck* stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 2372. Absent such an invalidation, the section 1983 suit must be dismissed. *Id*. Although Fourth Amendment claims of unconstitutional search and seizure may sometimes be excepted from the ruling in *Heck*, this is only when the plaintiff is caused actual, compensable injury, separate from the injury of being convicted and imprisoned. *See id.* at 2372 n.7. Furthermore, plaintiff has not suggested that any state tribunal has ruled the search of which he complains to be unlawful.

As plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 8th day of January, 2008.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:07cv261/SPM/MD*